```
             IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                   *
BROADWING CORPORATION F/K/A
CORVIS CORPORATION                 *

     Plaintiff,                    *

v.                                 *
                                        CIVIL NO.: WDQ-04-3163
GREAT NORTHERN INSURANCE           *
COMPANY,
                                   *
     Defendants.
                                   *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

Memorandum Opinion

Broadwing Corporation ("Broadwing"), formerly known as Corvis Corporation, has sued Great Northern Insurance Company ("Great Northern") for breach of contract. Pending are the parties' cross motions for summary judgment and to seal. For the following reasons the motions for summary judgment will be denied; the motions to seal will be granted.

I.  Background

Broadwing is a Maryland based producer of telecommunications equipment. Complaint, p. 1-2. On March 14, 2003, a fire at Broadwing's Columbia, Maryland storage facility damaged Broadwing's inventory of finished and partially finished telecommunications equipment. Complaint, ¶ 18-21. Broadwing sought indemnification from its insurer, Great Northern, claiming

$46 million in damages. Great Northern disputed the damages and has paid only $4.5 million.

As a result, Broadwing has sued Great Northern for breach of contract, arguing that it has failed to adequately indemnify Broadwing for the damage to its "raw stock", "stock in progress" (Count I of the Complaint) and "finished stock" (Count II). Broadwing argues that under the terms of its policy, "finished stock" (goods in their completed state) is valued at its "selling price" and that "selling price" is the price at which Broadwing was offering the goods for sale at the time of the fire. Under this definition, Broadwing argues, the value of the damaged goods was $46 million.

Great Northern argues that "selling price" is the price at which Broadwing could actually have sold the "finished stock" and that because the goods were obsolete and could not have been sold, the value of the goods was zero.

II.  Cross Motions for Summary Judgment

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

2

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the opposing party must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

Under Rule 56 a party is not entitled to summary judgment on part of a claim.  *See Felix v. Sun Microsystems,* 2004 WL 911303, slip. op. (D.Md. 2004) *and cases cited therein.*

A.   Broadwing's Motion for Summary Judgment

Broadwing has moved for partial summary judgment of Count II, seeking a ruling that the "selling price" of the "finished stock" is the price at which Broadwing was offering the goods for sale.  However, as defining the terms of the policy will not

3

dispose of any count of the Complaint, the motion will be denied. *See Felix v. Sun Microsystems,* 2004 WL 911303, slip. op. (D.Md. 2004) *and cases cited therein*.

B.  Great Northern's Motion for Summary Judgment

Great Northern has cross moved for summary judgment of Count II arguing that "selling price" is the price at which Broadwing could have sold the "finished stock" and, because the equipment could not be sold, its value was zero.  Accordingly, Great Northern argues, it did not breach the contract because it had no obligation to indemnify Broadwing.

Even assuming that Great Northern's construction of "selling price" is correct, Broadwing has offered, *inter alia*: 1) an analysis of the historical selling prices of the damaged equipment that demonstrates that the equipment had commercial value, Luft Declaration, Ex. 1; 2) evidence of requests for proposals that would have utilized equipment like that damaged in the fire[1], *id* at Ex. 2; and 3) a report that Broadwing's equipment was generally state-of-the-art and, therefore, marketable[2], *id* at Ex. 3.  Taking these facts to be true and

---

[1] Broadwing concedes, however, that the majority of the equipment damaged would have been used in Broadwing's G-series products whereas the majority of the requests for proposals sought T-series equipment.

[2] It is unclear, however, whether the report is referring to the generation of equipment stored at Broadwing's warehouse.

4

drawing all inferences in favor of Broadwing, whether the damaged equipment had some value remains an issue for the jury. Accordingly, as Great Northern's motion cannot dispose of the entirety of Count II, it will be denied.

III. Motions to Seal

Broadwing has moved to seal its: 1) memorandum of law in support of its motion for partial summary judgment; 2) exhibits A, D and E to the Affidavit of Christopher LaFon; 3) Response to Great Northern's Counterstatement of Undisputed Facts; and 4) Reply in Support of its Motion for Partial Summary Judgment and Opposition to Great Northern's Cross-Motion; and 5) Declaration of Ryan Luft and all exhibits thereto.

Great Northern has moved to seal its: 1) memorandum of law in support of its Cross-Motion for Partial Summary Judgement; 2) Response to Broadwing's Statement of Undisputed Facts and Counterstatement of Undisputed Facts; and 3) the Declaration of Rebecca Unruh and attachments thereto.

As the motions to seal are not contested, they will be granted.


<u>May 15, 2006</u>                            <u>         /s/         </u>
Date                                    William D. Quarles, Jr.
                                        United States District Judge

5